# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

LISA A. JONES                                                                                  PLAINTIFF

VERSUS                                                      CIVIL ACTION NO. 4:03CV433-P-B

REGION VI MENTAL HEALTH-MENTAL
RETARDATION COMMISSION, d/b/a LIFE HELP                         DEFENDANT

## MEMORANDUM OPINION

This cause is before the Court on the defendant's Motion for Summary Judgment. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to-wit:

### FACTUAL BACKGROUND

Life Help is a multi-county commission authorized by Mississippi law to provide mental health services to citizens within the eight counties it serves. Life Help is governed by a Board of Commissioners appointed by the member counties.

Lisa Jones, a black female, worked for Life Help as a behavioral technician on a part-time basis from May 2000 to June 30, 2003. On February 17, 2003, Jones' supervisor, Madolyn Smith, placed Ms. Jones on three months probation in response to repeated patient complaints concerning Jones' rude manner.

Thereafter, on June 9, 2003, Smith presented Jones with a pre-termination letter based on Jones' continued misconduct, e.g., sleeping on the job and rudeness to patients. Jones requested a pre-termination hearing in order to contest Life Help's decision to discharge her. That hearing took

place on June 24, 2003 before Ms. Smith and Life Help's attorney, Johnny Henson. Ms. Jones appeared at the hearing with Mississippi senator David Jordan and one of her co-workers, Clothe Armstrong. Jones participated in the hearing by asking questions and presenting her side on the pertinent issues. Following the hearing, Smith notified Jones of her discharge effective June 30, 2003.[1]

Jones chose to appeal her termination to Life Help's Board of Commissioners. That hearing took place on August 21, 2003 before the eight-member board[2], Life Help employees Madolyn Smith, Phaedre Cole and Grace Whites, and its attorneys Johnny Henson and Paul Mathis. As with the first hearing, Jones had the opportunity to present evidence and witnesses on her behalf. At the conclusion of the hearing, the board members voted unanimously to uphold Jones' termination.[3] Jones received notice of the board's decision by way of certified letter dated August 22, 2003.

Jones filed an EEOC complaint on August 26, 2003. Her charge alleged numerous instances of racial discrimination ranging from failure to promote[4] to discharge and failure to rehire.[5] After

---

[1] Jones' replacement was African American.

[2] Board members included one representative from each county. The commissioners included Charles England, Patricia Bell, Warren Gardner, Sterling Smith, Ruby Transberg, Jean Cords, Betty Morgan and Hank Hodges.

[3] Three of the eight board members were black.

[4] Plaintiff testified by deposition that she sought four promotions during her employment with Life Help. Jones applied for open case manager positions in 2001 and 2003. In addition, she requested consideration for supervisory positions at the Hope House in 2002 and the Crisis Center at an indeterminate time.

[5] Jones made application for a position as Hope House residential manager in August 2003. Because Life Help did not hire her, Jones alleges she was treated less favorably than a white employee, Nora Stanford, who was fired for poor performance and later rehired.

receiving a Right to Sue letter from the EEOC, Jones filed suit against Life Help on December 1, 2003. She seeks recovery under Title VII and 42 U.S.C. § 1981, as well as state law claims for breach of contract and wrongful discharge. Life Help answered, denying all liability. After adequate opportunity for discovery, the defendant filed its Motion for Summary Judgment seeking dismissal of all federal and state law claims. The motion has been fully briefed and is ripe for decision.

STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corporation v. Catrett, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S. Ct. 2548 (1986). The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment. John v. State of La. (Bd. of T. for State C. & U.), 757 F.2d 698, 712 (5th Cir. 1985).

A judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 91 L.Ed.2d 202, 106 S. Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis, 799 F.2d 218, 222 (5th Cir. 1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary

3

judgment. The dispute must be genuine, and the facts must be material." Id. "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. Phillips Oil Company, v. OKC Corporation, 812 F.2d 265, 272 95th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. See Celotex, 477 U.S. at 323, 106 S. Ct. at 2552. Topalian v. Ehrman, 954 F.2d 1125, 1138 (5th Cir. 1992).

In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. McPherson v. Rankin, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. Union Planters Nat. Leasing v. Woods, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. Topalian, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." John, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment, " even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. Id. at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. Ferguson v. National

Broadcasting Co., Inc., 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." In Re Municipal Bond Reporting Antitrust Lit., 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed. R. Civ. P. See also Union Planters Nat. Leasing v. Woods, 687 F.2d at 119.

While generally "[t]he burden to discover a genuine issue of fact is not on [the] court, (Topalian, 954 F.2d at 1137), "Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention–the court must consider both before granting a summary judgment." John, 757 F.2d at 712, quoting Keiser v. Coliseum Properties, Inc., 614 F.2d 406, 410 (5th Cir. 1980).

## LEGAL ANALYSIS

I.      Title VII Claims

A plaintiff seeking to recover under Title VII may prove her case by way of either direct or circumstantial evidence. Those claimants who rely on circumstantial evidence must proceed according to the burden-shifting framework set forth in McDonnell-Douglas Corporation. v. Green. 411 U.S. 792, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973). A plaintiff must first make out a prima facie case; the elements of the prima facie case vary depending on the type of claim presented, e.g., failure to hire, discharge, failure to promote, etc. Once a plaintiff establishes a prima facie case, a presumption of discrimination arises; the burden then shifts to the defendant employer to rebut the

presumption by offering evidence of e a legitimate, nondiscriminatory reason for the employment decision. Id. at 802-03. If the employer does so, the burden then shifts back to the plaintiff to produce evidence tending to establish that the reason advanced in support of the decision is a mere pretext for discrimination. Id. at 804, 807. A plaintiff may do so by producing evidence of discriminatory motive or by showing the employer's "basis" for the refusal to hire is unworthy of belief and that, instead, the true reason was unlawful discrimination. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 516-519 (1993). The plaintiff at all times retains the ultimate burden of persuading the fact finder that the employment decision resulted from intentional discrimination. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253, (1981). Because Jones alleges numerous instances of racial discrimination, the Court will examine each claim separately.

A.    Failure to Promote

Plaintiff claims Life Help violated Title VII by declining to promote her on four occasions between 2001 and 2003. In order to establish a prima facie case of discrimination for failure to promote, Jones must be capable of proving:

1)    she was not promoted;

2)    she was qualified for the promotion she sought;

3)    she was a member of a protected class; and

4)    the position was filled by someone outside the protected class or she was otherwise not promoted because of her race.

Rutherford v. Harris Co., 197 F.3d 173, 179-180 (5th Cir. 1999).

1.      Crisis Center Supervisor Position

With regard to the Crisis Center supervisory position in which Jones expressed an interest,

the only evidence before the Court negates the existence of an opening for the position. Plaintiff

herself testified that Charlene Gressett, the Crisis Center supervisor, remained in that position and

simply assumed additional duties. Absent an opening, plaintiff cannot make out a prima facie case

in this instance.

2.      2001 Case Manager Position

Defendant also seeks summary judgment on plaintiff's failure to promote claim regarding

the 2001 case manager position. For purposes of this summary judgment motion, the Court assumes

plaintiff can establish a prima facie case. Jones did not receive the promotion; defendant does not

contest that she possessed the minimum qualifications for the job; Jones is a member of a protected

class; and the individual who received the job was outside the protected class. Life Help's stated

reason for not choosing Jones for the case manager position was that the chosen candidate was more

qualified for the position by virtue of her interpersonal and writing skills. This explanation suffices

to meet Life Help's burden of production at this stage of the summary judgment inquiry.

The burden therefore devolves to Jones. In order to withstand defendant's motion for

summary judgment, she must produce evidence that the defendant's reason is a pretext. In the

context of a failure to promote case, this burden requires that Jones adduce evidence which tends to

prove she was "clearly better qualified" than the chosen candidate. Amburgey v. Corhart

Refractories Corp., Inc., 936 F.2d 805, 814 (5th Cir. 1991). Furthermore, unless the difference in

qualifications is so apparent as "virtually to jump off the page and slap us in the face, we judges

should be reluctant to substitute our views for those of the individuals charged with the evaluation

7

duty by virtue of their own experience and expertise in the field in question." Odom v. Frank, 3 F.3d 83, 847 (5th Cir. 1993). Jones failed to come forward with any evidence to meet this exacting standard. No reasonable trier of fact could conclude Jones was the more qualified applicant on the present record.[6]

### 3. Hope House Supervisor Position

Plaintiff also sought promotion to a position as supervisor of Hope House in 2002. Defendant seeks summary judgment based on plaintiff's inability to prove her prima facie case because Linda Summerville, the employee selected for the position, is also black. Because the chosen applicant and the plaintiff are members of the same protected class, Jones cannot meet her burden of proving that race was a motivating factor in her employer's promotion decision.[7]

### 4. 2003 Case Manager Position

The analysis set forth in subsection I.A.3. also applies to Jones' application for the 2003 case manager opening. Life Help selected Barbara Ivy, another black applicant, for the position. Because plaintiff cannot demonstrate the fourth element of her prima facie case, her failure to promote claim must fail.

---

[6] In addition, Jones' Title VII claim based on the 2001 case manager position is time-barred. A person may not file suit for a violation of Title VII unless she first exhausts administrative remedies. Love v. Pullman Co., 404 U.S. 522, 53, 30 L.Ed.2d 679, 92 S. Ct. 616 (1972). Under Title VII, a claimant must file a charge of discrimination with the EEOC within 180 days of the alleged discrimination. 42 U.S.C. § 2000e-5(e)(1). See also Webb v. Cardiothoracic Surgery Associates of North Texas, P.A., 139 F.3d 532, 537 (5th Cir. 1998).

Jones filed her EEOC claim on August 26, 2003. Therefore, she can only recover under Title VII for conduct occurring on or after February 28, 2003. By Jones' own admission, her failure to promote claim based on the 2001 case manager position arose outside the applicable limitations period.

[7] This claim is also time-barred. See note 6, supra.

B.      Discharge Decision

Plaintiff challenges the defendant's decision to discharge her as racially motivated.  Title 42, section 2000e-2 forbids an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ."  42 U.S.C. § 2000e-2(a)(1). A plaintiff seeking to recover under Title VII for allegedly discriminatory discharge must first demonstrate a prima facie case under McDonnell-Douglas Corporation. v. Green.  411 U.S. 792, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973).  A prima facie case consists of the following elements:

1.      Membership in a protected class;

2.      The claimant is qualified for the position;

3.      The claimant was discharged;

4.      The position remained open or was filled by a someone not of the protected class.

McDonnell Douglas, 411 U.S. at 802.

Plaintiff cannot establish the elements of a prima facie case for her discharge claim.  Life Help hired an African American female to fill Jones' vacant position.  As a further matter, Life Help afforded Jones not one, but two hearings prior to her termination.  The last hearing took place before the full Board of Commissioners, three members of which were black.  The board unanimously affirmed Smith's decision to discharge Jones.  This is further evidence that race played no role in plaintiff's termination.  Because Jones cannot demonstrate that her termination violated Title VII, the defendant is entitled to summary judgment on this claim.

C.      Disparate Treatment/Failure to Rehire

Following her discharge in August, plaintiff applied for an opening as the residential manager at Hope House, another treatment program administered by Life Help.  Life Help never acted on her application.  Jones contends Life Help's failure to do so amounts to disparate treatment on the basis of her race when compared to the rehire of a white employee with similar performance problems. Defendant presented documentary evidence tending to show that Nora Stanford, the employee in question, was not similarly situated inasmuch as she was laid off rather than terminated for poor performance.  Furthermore, at the time of rehire, Stanford accepted a position with lower pay. Plaintiff offered no evidence to rebut the defendant's proof.  No reasonable juror could find in favor of plaintiff on her disparate treatment claim; accordingly, the defendant is entitled to summary judgment.

II.      42 U.S.C. § 1981 Claims

Claims under § 1981 are analyzed under the same burden shifting framework established by the Supreme Court in McDonnell Douglas Corp. v. Green.  411 U.S. 792, 93 S. Ct. 1817, 36 L.Ed.2d 668 (1973).  See Carpenter v. Gulf State Mfr., Inc., 764 F. Supp. 427, 432 (N.D. Miss. 191)(citing Patterson v. McLean Credit Union, 491 U.S. 164, 109 S. Ct. 2363, 105 L.Ed.2d 132, 157 (1989)). Therefore, Jones' § 1981 claims do not survive the defendant's properly supported motion for summary judgment.

III.      Procedural Due Process and State Law Claims

Though she asserted claims for wrongful discharge, breach of contract and due process violation, the plaintiff has no evidence to support her claims.  Life Help followed its procedures in discharging Ms. Jones.  Ample evidence supported Ms. Smith's decision to terminate Jones; the

10

defendant afforded plaintiff sufficient notice and opportunity to present evidence and witnesses on her behalf. As these claims are wholly without merit, no further discussion is necessary. Defendant's motion for summary judgment is well-taken and should be granted.

CONCLUSION

Based on the foregoing facts and analysis, the Court finds that the defendant's motion is well-taken and should be granted. A judgment will issue accordingly.

This, the 7th day of April, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE